S. Samuel Di Falco, S.
The special guardian, who represents infants having interests only in the principal of the trust, raises a question of the proper allocation of certain taxes paid on capital gains. The will directs that all dividends paid in the stock of the corporation which declared them shall be income and shall be distributed as such. The trustee received one stock dividend of 100%, and duly transferred that dividend to the income beneficiary. At a later time, the trustee sold the shares of that stock remaining in the principal account, actually receiving less than principal had paid for the original shares. However, the trustee was required to pay a tax on a capital gain on these shares, the tax basis of the original shares having been reduced by reason of the stock dividend. The special guardian argues that inasmuch as principal realized no gain at all, the tax payable on the so-called capital gain should be allocated Equitably to the income account which alone gained in the transaction. The special guardian points out that the question which he presents is not limited to the specific problem posed *1023 by the sale of these particular shares. Other stock dividends were received during the accounting period, but the original shares have not been sold and the tax liability, if any, is uncertain. The special guardian points out also that other unusual stock distributions may hereafter be received by the trustee. Obviously, no rule can be applied simply to the completed transaction without making it a rule for the trustee’s future administration of this trust. The question is, therefore, a general one.
There is much to be said for the equitable argument of the special guardian. (See 71 Harv. L. Rev. 1572-1574.) However, an allocation of the tax on the basis of equitable treatment of the two interests would, in the opinion of the court, unduly complicate the trust administration to the detriment of all of them, and would in many circumstances operate inequitably against other beneficiaries. The Supreme Judicial Court of Massachusetts had before it a somewhat similar problem, although it arose from the dividends of real estate trusts rather than stock dividends from business corporations (Third Nat. Bank & Trust Co. v. Campbell, 336 Mass. 352, 356-357). The argument there made was precisely the same as is here presented. The court pointed out in some detail the many difficulties in framing a rule of trust administration that would not be unduly complicated and would be equitable to all beneficiaries. The court said: ‘ ‘ Under circumstances like those here presented, it would manifestly be impractical to withhold as a reserve a portion of each cash dividend, equal to the estimated future capital gains tax on that portion of the dividend which represents a tax exempt return of capital, in order to provide for the eventuality that at some time in the future the shares producing the dividend will be sold at a profit. By our usual allocation rules the life tenant is entitled to the whole dividend. The shares may never be sold during the life of the trust or may even be sold at a loss. Any capital gain in fact realized may be offset by capital losses on other trust investments or by a carry over capital loss. It would certainly be unfair to charge the whole of such capital gains tax as is caused by the prior distribution of the ‘ tax exempt ’ income solely to the income of that one of a series of life tenants who happened to be entitled to the trust income at the time the gain was realized. One or more of the life tenants who have received the benefit of such cash dividends of ‘ tax exempt ’ income may have died before it has been determined that there is to be any tax upon the sale of the shares. The tax laws or the rates of taxation on capital gains may change after the dividend is paid, thus *1024 confusing any system of reserving the future gains taxes. Other uncertainties and practical difficulties may be imagined which would make impossible the fair application of any rule charging in part to income taxes on such capital gains. Such a rule could easily become a great obstacle to efficient,- simple trust administration. ’ ’
Moreover, in the present case there is an additional reason why the tax paid by the trust should not be charged against the income beneficiary. This testatrix has very plainly directed that all stock dividends should be paid to the income beneficiary of the trust, who is her daughter. The text of her will is plainly intended to take it out of the operation of section 17-a of the Personal Property Law, under which such a dividend would be principal rather than income. The testatrix has, as the Court of Appeals said in another connection, given to the term “income” a secondary meaning alien to its primary one (Equitable Trust Co. v. Prentice, 250 N. Y. 1, 9). There are liberal provisions in this will for invading the principal upon the written request of the daughter. The testatrix thus knew that she was giving her daughter interests that would otherwise remain in the trust as principal, and she intended so to do. Inherent in the nature of such a gift is not only the stock itself, but all of the incidents of such ownership, including whatever favorable tax treatment the authorities give to such property. What passes to the income beneficiary of this trust does so under the direct mandate of this testatrix. The whole purpose of the testamentary provision is to take something from principal that would otherwise belong to principal and to give it to her daughter. The testatrix may not have had in mind the tax consequences that might flow from such a gift, but she obviously intended the income beneficiary to enjoy all of the legal and ordinary benefits that flow from such ownership. To require the trustee to withhold from the beneficiary a large percentage of the dividend on the supposition that at some future time the original shares might be subject to a tax on a capital gain would be to withhold from her what the testatrix has explicitly said she should enjoy. The account as filed, is, therefore, approved. Submit decree on notice settling the account accordingly.